```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


STACEY LEE, ON BEHALF OF THE              CIVIL ACTION
UNITED STATES OF AMERICA


VERSUS                                    NO: 11-2370


TEXTRON MARINE AND LAND                   SECTION: R(3)
SYSTEMS, AN OPERATING UNIT OF
TEXTRON CORP, AVCO CORP., AND
TEXTRON INC.
```

## ORDER AND REASONS

This lawsuit arises under the False Claims Act (FCA). Relator Stacey Lee's complaint alleges a false claim, a reverse false claim, and retaliatory discharge. Her claims are based on defendant Textron Marine and Land Systems's alleged falsifications of inventory reports that it submitted to the United States government while Textron was manufacturing Armed Security Vehicles ("ASVs") for the government. On October 9, 2013, the Court heard oral argument on Textron's motion to dismiss the complaint.[1] At the conclusion of the argument, the Court found that Lee has failed to state a claim upon which relief can be granted. Accordingly, defendant's motion is GRANTED.

In the Fifth Circuit, a complaint alleging an FCA violation must set forth facts showing that "(1) . . . 'there was a false statement or fraudulent course of conduct; (2) made or carried

---

[1] R. Doc. 22.

out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim).'" *United States ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). Relator's complaint fails to allege any facts suggesting that Textron's purported misrepresentations regarding inventory levels caused the United States to pay out money or forfeit moneys due. Therefore, Lee's allegation of a false claim is deficient under *Longhi*.

Nor has Lee adequately alleged a "reverse false claim." The "reverse false claims" provision of the FCA imposes liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G). The complaint does not allege that Textron had any obligation to remit any parts or inventory to the government. It also does not allege that Textron's allegedly falsified inventory reports affected, or were even related to, its obligation to deliver finished ASVs to the government. Accordingly, Lee has failed to state a claim under the reverse false claims provision of the FCA.

Lee has also failed to state a claim for retaliatory discharge. "To establish [such a claim], a party must show (1) that she was engaged in protected activity with respect to the False Claims Act; (2) that her employer knew she was engaged in protected activity; and (3) that she was discharged because she was engaged in protected activity." *Thomas v. ITT Educ. Servs., Inc.*, 517 F. App'x 259, 262 (5th Cir. 2013). The complaint is facially deficient under this test, because it does not allege any factual basis for a nexus between Lee's complaints about the inventory reports and her discharge from Textron. Indeed, Lee has failed to allege any facts showing that the individual(s) who fired her even knew she was engaged in protected activity, much less that that they fired her *because* she was engaged in protected activity.

Lee is granted leave to amend her complaint by November 8, 2013. Accordingly, the Court dismisses Lee's complaint without prejudice.

New Orleans, Louisiana, this 11th day of October, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE